UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBERT LOUIS COSTON, III,

    Petitioner,

v.

CASEY CAMPBELL, *Warden*, and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No. TDC-20-0087

**MEMORANDUM OPINION**

Petitioner Robert Louis Coston, III, a state inmate currently confined at Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2011 conviction for third-degree burglary, second-degree assault, and fourth-degree sex offense. Respondents have filed an Answer in which they argue that the Petition should be dismissed as time-barred. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Coston was notified of his right to explain why the Petition should not be dismissed as time-barred, and he submitted a Reply to the Answer. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

**BACKGROUND**

On June 8, 2011, after a bench trial in the Circuit Court for Worcester County, Maryland ("the Circuit Court"), Coston was found guilty of one count each of third-degree burglary, second-degree assault, and fourth-degree sex offense. He was sentenced to ten years of imprisonment for

the third-degree burglary, ten years of imprisonment for the second-degree assault, and one year of imprisonment for the fourth-degree sex offense, with the sentences to run consecutively.

In his direct appeal, Coston asserted two issues: whether his waiver of the right to a jury trial complied with Maryland Rule 4-246, and whether the evidence at trial was sufficient to support the convictions. The Court of Special Appeals of Maryland vacated Coston's convictions based on its determination that the trial court had failed to comply with Maryland Rule 4-246(b), which requires that the court state on the record that the waiver was knowing and voluntary. The State requested further review, and the Court of Appeals of Maryland vacated that determination and remanded the case to the Court of Special Appeals. On remand, on July 22, 2014, the Court of Special Appeals affirmed Coston's conviction and sentence. The court's mandate issued on August 21, 2014. To seek further review in the Court of Appeals of Maryland, Coston was required to file a petition for a writ of certiorari within 15 days of the issuance of the mandate. *See* Md. Rule 8-302(a). Because Coston did not seek further review, the judgment became final on September 5, 2014.

On April 22, 2015, Coston filed a Motion for a Modification of the Sentence, which was denied by the Circuit Court on April 27, 2015.

On August 6, 2015, Coston filed in this Court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he asserted that he had been denied due process of law and had been subjected to double jeopardy. *Coston v. Green*, No. TDC-15-2441 (D. Md. 2015). On May 9, 2016, at the request of Respondents, this Court dismissed the petition without prejudice for failure to exhaust state remedies by first advancing these claims on his direct appeal or in a state petition for post-conviction relief. In dismissing the Petition, the Court also advised Mr. Coston that the deadline to file a § 2254 petition is one year from the date that his judgment became final.

Coston, however, did not initiate state post-conviction proceedings in the Circuit Court until June 7, 2018. After briefing and a hearing, the Circuit Court denied the petition on November 27, 2018. Coston's timely application for leave to appeal was denied the Court of Special Appeals on April 25, 2019, with the mandate issuing on May 28, 2019.

Coston filed the instant Petition on January 5, 2020. In the Petition, Coston argues that he received ineffective assistance of counsel when his counsel did not state on the record that he waived his right to a jury trial, failed to call his sister as a witness, failed to cause his second-degree assault conviction to be merged into his fourth-degree sex offense conviction, and failed to move for a change of venue.

## DISCUSSION

In their Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d) and Coston is not entitled to statutory or equitable tolling.

### I. Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). This one-year period, however, is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

## II.   Timeliness

A review of the procedural history reveals that the one-year limitations period elapsed prior to the filing of the Petition. Coston's conviction became final on September 5, 2014, when the time for filing a petition for a writ of certiorari to the Maryland Court of Appeals expired. Md. Rule 8-302(a). The limitations period was tolled for five days, from April 22 to 27, 2015, while Coston's Motion for a Modification of the Sentence was pending in the Circuit Court. *See* 28 U.S.C. § 2244(d)(2); *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (holding that a § 2254 petitioner was entitled to statutory tolling of the limitations period during the time that a motion for modification of the sentence was pending in the Maryland state court). Nevertheless, even with this period tolled, the one-year limitations period expired on September 10, 2015.

Although Coston filed his first federal habeas petition on August 6, 2015, that filing did not serve to toll the limitations period because it "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *see Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (holding that "the filing

4

of a petition for habeas corpus in federal court does not toll the statute of limitations"). Even if it could have tolled the limitations period, once this Court dismissed that petition without prejudice on May 9, 2016, Coston allowed over two years to elapse before he filed his state petition for post-conviction relief on June 7, 2018. By that point, the limitations period had long since expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (stating that a state post-conviction petition "filed following the expiration of the [federal] limitations period cannot toll that period because there is no period remaining to be tolled").

Finally, Coston does not assert, and the Court cannot identify, a basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(1)(B)-(D), are applicable to his Petition. Thus, the present Petition was filed after the expiration of the limitations period and is time-barred.

## III. Equitable Tolling

Under certain circumstances, the statute of limitations for federal habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."

*Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

In seeking equitable tolling, Coston objects to the fact that upon remand of his direct appeal from the Court of Appeals of Maryland, the Court of Special Appeals reached a different conclusion from its original decision, and to his attorney's failure to seek review of that decision by the Court of Appeals. These matters, however, occurred before the limitations period began to run and therefore have no impact on the issue of equitable tolling.

Coston further states that in 2015, he contacted the Maryland Office of the Public Defender, Post Conviction Division, for assistance in filing his state petition for post-conviction relief, but the filing was delayed because his initial attorney became ill and ultimately resigned. He also notes that once his state post-conviction proceedings concluded, he immediately filed the instant Petition.

To the extent that the delay in the filing of Coston's state petition for post-conviction relief was in part the result of a change of counsel at the Office of the Public Defender, that fact would not constitute an "extraordinary circumstance" or reflect the type of diligence on Coston's part that would warrant equitable tolling. Even if the failure to file the state petition before the expiration of the federal limitations period could be deemed to be the result of delays attributable to Coston's state post-conviction attorneys, attorney error is typically not an "extraordinary circumstance," *Harris*, 209 F.3d at 330-31, and such a delay under these circumstances does not constitute the

kind of egregious attorney misconduct that could meet that high standard, *see Holland*, 560 U.S. at 651-52. Further, the expiration of the limitations period was not beyond Coston's control. In dismissing his earlier federal petition, this Court specifically informed Coston of the one-year limitations period, and he could have either informed his state post-conviction counsel of his interest in filing a state petition immediately in order to toll that period, or he could have filed a self-represented petition to do so. Under these circumstances, Coston has demonstrated neither extraordinary circumstances nor diligent action to preserve his rights. Accordingly, the Court declines to grant equitable tolling the limitations period. The Petition will therefore be dismissed as time-barred.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Coston must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid

claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Coston's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Coston may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date:  October 28, 2022

THEODORE D. CHUANG
United States District Judge